IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **HOWARD G. MOORE,** | 07-CV-926-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| **MICHAEL J. ASTRUE,**<br>**Commissioner, Social Security**<br>**Administration,** | |
| Defendant. | |

**DAVID B. LOWRY**
9900 SW Greenburg Road
Portland, OR 97223
(503) 245-6309

        Attorney for Plaintiff

**KARIN J. IMMERGUT**
United States Attorney
**BRITANNIA I. HOBBS**
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204-2902
(503) 727-1158

1 - OPINION AND ORDER

**MICHAEL McGAUGHRAN**
Office of the General Counsel
**RICHARD A. MORRIS**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA 98104-7075
(206) 615-2113

        Attorneys for Defendant

**BROWN, Judge.**

    Plaintiff Howard G. Moore seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which he denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.  Plaintiff seeks an order reversing the decision of the Commissioner and remanding this action for an award of benefits.

    This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  Following a review of the record, the Court reverses the decision of the Commissioner and remands this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Opinion and Order.

## ADMINISTRATIVE HISTORY

    Plaintiff filed an application for DIB on September 27, 1999, alleging a disability onset date of March 24, 1997.

2 - OPINION AND ORDER

Tr. 149-51.[1]  The application was denied initially and on reconsideration.  Tr. 92, 97.  An Administrative Law Judge (ALJ) held a hearing on March 5, 2001.  At the hearing, Plaintiff was represented by an attorney.  Plaintiff, a lay witness, and a vocational expert (VE) testified.  Tr. 810-73.

The ALJ issued a decision on April 27, 2001, in which he found Plaintiff was not disabled.  Tr. 76-88.  On December 8, 2003, the Appeals Council remanded the matter to the ALJ for further proceedings "to assess the claimant's obesity," to "address or evaluate the side effects the claimant allegedly experience[d] from his medications," and to "explain what weight [the ALJ] . . . assign[ed]" to the report of "Dr. Jones . . . that if possible, . . . the claimant should be retrained in a field where he does not have to lift more than 10 pounds."  Tr. 126-29.

On August 26, 2004, a different ALJ held a hearing on remand and a continuation hearing on September 20, 2004.  At both hearings, Plaintiff was represented by an attorney.  Tr. 874-945.  Plaintiff and a VE testified at the August 26, 2004, hearing.  Tr. 874-915.  Plaintiff, a lay witness, and a different VE testified at the September 20, 2004, hearing.  Tr. 915-45.

On September 24, 2004, the ALJ issued a decision in which

---

[1] Citations to the official transcript of record filed by the Commissioner on September 25, 2007, are referred to as "Tr."

3 - OPINION AND ORDER

he found Plaintiff was not disabled. Tr. 1521-28. Pursuant to 20 C.F.R. § 404.984(d), the ALJ's decision became the final decision of the Commissioner on September 24, 2004. On April 21, 2005, Plaintiff sought judicial review by this Court of the Commissioner's decision.

On June 7, 2006, the Honorable Michael R. Hogan issued an Order reversing and remanding the ALJ's decision for further administrative proceedings pursuant to stipulation of the parties. Tr. 1577-78. The Court directed the ALJ to

> obtain testimony of a medical expert. The ALJ will reevaluate all of Plaintiff's impairments, determine whether they are severe, and, taking the medical expert's opinion into account, determine whether Plaintiff's impairments, alone or in combination, meet or equal a listed impairment. The ALJ will also reevaluate Plaintiff's credibility, taking into consideration the lay evidence, giving clear and convincing reasons for the credibility determination. If necessary and appropriate, the ALJ will continue the sequential evaluation process, obtain vocational expert testimony, and determine Plaintiff's capacity to perform his past relevant work and other work. The ALJ will take any other actions necessary to develop the record and issue a new decision.

Tr. 1577-78.

On February 7, 2007, the ALJ held a hearing on remand. Tr. 1561-75. At the hearing, Plaintiff was represented by an attorney. Two medical experts and a VE testified. On March 19, 2007, the ALJ issued a decision in which he found Plaintiff was not disabled before his September 30, 1999, date last insured. Pursuant to 20 C.F.R. § 404.984(d), the ALJ's decision became the

4 - OPINION AND ORDER

final decision of the Commissioner on March 19, 2007. On June 22, 2007, Plaintiff again sought review by this Court of the Commissioner's decision.

## BACKGROUND

Plaintiff was born on February 6, 1956; was 43 years old on September 30, 1999, the date his insured status expired; and was 51 years old at the time of the last hearing. Tr. 149. Plaintiff completed high school and two years of college. Tr. 546, 914. Plaintiff has past relevant work experience as a security guard, a realty pre-applicant screener, an events usher, a machine operator, a warehouse worker, a building-maintenance worker, a donation solicitor, a truss assembler, a quality-control inspector, and a shipping-and-receiving clerk. Tr. 87.

Plaintiff alleges disability due to hypertension, chronic sciatica, diabetes, obesity, and recurrent major depression. Tr. 126.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence on the second remand. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence on second remand. *See* Tr. 956-59.

5 - OPINION AND ORDER

**STANDARDS**

The initial burden of proof rests on the claimant to establish disability. *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005). To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner bears the burden of developing the record. *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Batson*, 359 F.3d at 1193. "Substantial evidence means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal quotations omitted).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). The court must weigh all of the evidence whether it

supports or detracts from the Commissioner's decision.  *Robbins,* 466 F.3d at 882.  The Commissioner's decision must be upheld even if the evidence is susceptible to more than one rational interpretation.  *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir. 2005).  The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## **DISABILITY ANALYSIS**

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act.  *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).  *See also* 20 C.F.R. § 404.1520.  Each step is potentially dispositive.

In Step One, the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006).  *See also* 20 C.F.R. § 404.1520(a)(4)(I).

In Step Two, the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. § 404.1520(a)(4)(ii).

In Step Three, the claimant is disabled if the Commis-

7 - OPINION AND ORDER

sioner determines the claimant's impairments meet or equal one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 404.1520(a)(4)(iii). The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's RFC. The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. § 404.1520(e). *See also* Soc. Sec. Ruling (SSR) 96-8p. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996). The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis engaged in by the ALJ when determining whether a claimant can still work despite severe medical impairments. An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'" SSR 96-8p, at *4.

8 - OPINION AND ORDER

In Step Four, the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 404.1520(a)(4)(iv).

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 404.1520(a)(4)(v). Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can do. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1).

## ALJ'S FINDINGS

At Step One, the ALJ found Plaintiff did not engage in substantial gainful activity from March 24, 1997, through September 30, 1999, the date on which his disability insured status expired. Tr. 956.

At Step Two, the ALJ found Plaintiff "did not have an impairment or combination of impairments that significantly

limited his ability to perform basic work-related activities for 12 consecutive months before his September 30, 1999, date last insured. Tr. 956. The ALJ, therefore, denied benefits to Plaintiff on the ground that he did not have a severe impairment or combination of impairments before his date last insured. Tr. 956.

## DISCUSSION

Plaintiff contends the ALJ erred when he (1) relied on the March 5, 2001, and September 24, 2004, ALJ opinions to determine Plaintiff's impairments were not severe and to reject Plaintiff's testimony as not credible and (2) failed to obtain evidence from the two medical experts about the onset date of Plaintiff's impairments.

**I.   The ALJ erred when he relied on the March 5, 2001, and September 24, 2004, ALJ opinions to find Plaintiff's impairments were not severe and to reject Plaintiff's credibility.**

Plaintiff contends the ALJ erred when he relied on the March 5, 2001, and September 24, 2004, ALJ opinions to determine Plaintiff's impairments were not severe before his September 30, 1999, date last insured and to reject Plaintiff's testimony as not credible in his March 19, 2007, opinion. Plaintiff notes the Court in its Order remanding this matter directed the ALJ to "reevaluate all of Plaintiff's impairments, determine whether

they are severe, and . . . determine whether Plaintiff's impairments, alone or in combination, meet or equal a listed impairment."  The Court also directed the ALJ to "reevaluate Plaintiff's credibility, taking into consideration the lay evidence, giving clear and convincing reasons for the credibility determination."

In his March 19, 2007, opinion, the ALJ incorporated the "discussion of the exhibits and other evidence contained in the prior decisions" as well as the testimony of Plaintiff and lay witnesses and the findings in ALJ opinions from earlier hearings in this matter.  The ALJ found Plaintiff suffered from the "medically determinable impairments" of diabetes, high blood pressure, sleep apnea, fatigue, back pain, general anxiety, and depression.  The ALJ reviewed the evidence that Plaintiff presented after his last hearing and noted "the majority of this evidence pertains to a period after the date last insured and is, therefore, not material."  As to the evidence of treatment before Plaintiff's date last insured, the ALJ found it "fails to offer anything that would support the presence of a 'severe' medically determinable impairment."

The ALJ, however, did not address Plaintiff's obesity as a potential medically determinable impairment before Plaintiff's September 30, 1999, date last insured even though he was directed to evaluate that issue in the remand from the Appeals Counsel.

11 - OPINION AND ORDER

In addition, the ALJ did not provide any substantive analysis of Plaintiff's medical condition but instead incorporated the analysis from previous ALJ opinions, which were rejected by the Commissioner and this Court.  The Court, therefore, concludes the ALJ has not complied with the directions of either the Appeals Council or the Court on remand as to Plaintiff's medical condition, including obesity.

With respect to Plaintiff's credibility, the Court directed the ALJ in its June 7, 2006, remand Order, to "reevaluate Plaintiff's credibility, taking into consideration the lay evidence, giving clear and convincing reasons for the credibility determination."  The ALJ on remand "incorporated by reference" Plaintiff's testimony at the earlier hearings and set out a number of criteria that an ALJ must generally consider when evaluating a claimant's testimony.  The ALJ, however, did not re-evaluate Plaintiff's testimony or apply the required criteria in any meaningful way.

The Court, therefore, concludes the ALJ did not satisfy the Court's direction on remand to "reevaluate Plaintiff's credibility" nor did he comply with the directions on remand of the Court and the Appeals Council to address Plaintiff's obesity as a potential medically determinable impairment before Plaintiff's September 30, 1999, date last insured.

12 - OPINION AND ORDER

**II. The ALJ did not err when he failed to obtain evidence from the two medical experts about the onset date of Plaintiff's impairments.**

At the February 7, 2007, hearing, the ALJ called two medical experts:  Robert A. Berselli, M.D., an orthopedic surgeon, and Frank McBarron, M.D., an internist.  Dr. Berselli found Plaintiff had the following medical problems:  obesity, sleep apnea, diabetes, a history of polysubstance abuse, a history of suicidal ideation, restless leg syndrome, and significant degenerative disc disease in his lumbar and cervical spine.  Dr. Berselli opined these conditions in combination, in particular Plaintiff's obesity and degenerative disc disease, caused Plaintiff "to meet a listing criteria of 1.04A" at some point in 2003.  Dr. McBarron opined Plaintiff's conditions in combination likely "equaled 1.04" in 2003.  Dr. McBarron also opined Plaintiff might "approach 11.04, which is neurological disorganization."  Finally, Dr. McBarron opined Plaintiff's conditions would not have "equaled listing level severity" in September 1999.

Plaintiff contends the ALJ erred when he failed to obtain evidence from Drs. Berselli and McBarron about the onset date of Plaintiff's impairments.  Specifically, Plaintiff contends the ALJ erred when he questioned Drs. Berselli and McBarron because the ALJ "focused exclusively on the listings of impairments at step 3 of the sequential evaluation process" and did not ask Drs. Berselli and McBarron when the combined effects of

13 - OPINION AND ORDER

Plaintiff's impairments became severe and precluded Plaintiff from engaging in any work.

Defendant, however, contends the ALJ is not required to inquire of the medical experts as to when Plaintiff's impairments became severe and precluded at least sedentary work because SSR 83-20 does not require the ALJ to do so.  According to Defendant, unless a claimant's impairments are of listing-level severity, a finding of disability requires an evaluation by the ALJ of both a medical and a vocational component.

SSR 83-20 provides in pertinent part:

> In some cases, it may be possible, based on the medical evidence to reasonably infer that the onset of a disabling impairment(s) occurred some time prior to the date of the first recorded medical examination, *e.g.*, the date the claimant stopped working.  How long the disease may be determined to have existed at a disabling level of severity depends on an informed judgment of the facts in the particular case.  This judgment, however, must have a legitimate medical basis.  At the hearing, the administrative law judge (ALJ) should call on the services of a medical advisor when onset must be inferred.
>
> * * *
>
> The available medical evidence should be considered in view of the nature of the impairment (*i.e.*, what medical presumptions can reasonably be made about the course of the condition).  The onset date should be set on the date when it is most reasonable to conclude from the evidence that the impairment was sufficiently severe to prevent the individual from engaging in SGA (or gainful activity) for a continuous period of at least 12 months or result in death.  Convincing rationale must be given for the date selected.

14 - OPINION AND ORDER

SSR 83-20 does not require the ALJ to ask the medical expert specifically when Plaintiff's conditions precluded him from engaging in substantial gainful activity because that determination is to be made by the ALJ based on "an informed judgment of the facts" with the assistance of the medical expert. Accordingly, the Court concludes the ALJ did not err when he failed to ask Drs. Berselli and McBarron when the combined effects of Plaintiff's impairments became severe and precluded Plaintiff from engaging in any work.

**III. This matter is remanded for further proceedings.**

The decision whether to remand this case for further proceedings or for the payment of benefits is a decision within the discretion of the court. *Harman*, 211 F.3d 1178.

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings. *Id.* at 1179. The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292.

The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Harman*, 211 F.3d at 1178. The court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such

15 - OPINION AND ORDER

> evidence, (2) there are no outstanding issues
> that must be resolved before a determination
> of disability can be made, and (3) it is
> clear from the record that the ALJ would be
> required to find the claimant disabled were
> such evidence credited.

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Id.* at 1178 n.2.

Here, as noted, the ALJ did not evaluate Plaintiff's obesity as a potential medical impairment before Plaintiff's September 30, 1999, date last insured even though he was directed to evaluate that issue in the remand from the Appeals Council and the Court. In addition, the ALJ did not "reevaluate Plaintiff's credibility, taking into consideration the lay evidence, giving clear and convincing reasons for [his] credibility determination" as directed in the remand by the Court.

Accordingly, the Court again remands this matter for the purpose of directing the Commissioner to evaluate Plaintiff's obesity as a potential medical impairment before Plaintiff's September 30, 1999, date last insured; to reevaluate the credibility of Plaintiff's testimony, including consideration of the lay evidence; and to provide clear and convincing reasons supported by the record for his credibility determination as to Plaintiff's testimony.

16 - OPINION AND ORDER

## CONCLUSION

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 12th day of June, 2008.

/s/ Michael W. Mosman for

---

ANNA J. BROWN
United States District Judge

17 - OPINION AND ORDER